STATE OF NORTH CAROLINA v. ROBERT KEITH SHOWN

No. 8418SC463

(Filed 19 February 1985)

1. **Criminal Law § 99.4— court's statement to defendant—no expression of opinion**

The trial court did not express an opinion to the jury on the credibility of defendant's testimony when the court stated to defendant, "Son, I want you to be able to tell your story, but don't go into anything she may have told you at this time," since, by using the word, "story," the judge did not imply that defendant's testimony was a lie or falsehood, but instead used the word in its more common sense of an account or narration of a series of events.

2. **Criminal Law § 169.7— evidence excluded—similar evidence subsequently admitted**

Defendant could not complain that the trial court erred in excluding his testimony as to his "mental state" at the time he gave an inculpatory statement to two store security officers in response to questioning about the crime with which he was charged, since the evidence excluded was substantially admitted elsewhere in defendant's testimony.

**3. Criminal Law § 48.1; Constitutional Law § 74— evidence of post-arrest silence—error not prejudicial**

> There was no reasonable possibility that evidence as to defendant's post-arrest silence might have contributed to his conviction, and the trial court's error in admitting such evidence therefore was not prejudicial to defendant.

APPEAL by defendant from *Preston, Judge.* Judgment entered 5 January 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 4 February 1985.

Defendant was charged in a proper bill of indictment with two counts of embezzlement. At trial the State elected to proceed on only the second count. The jury found defendant guilty as charged, and the court entered judgment on the verdict sentencing him to six years in prison. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Frederick G. Lind, Assistant Public Defender, for defendant, appellant.*

HEDRICK, Chief Judge.

[1]   Defendant first assigns error to a statement made to defendant by the trial judge; defendant contends that the judge "express[ed] an opinion to the jury on the credibility of the defendant's testimony." The challenged statement is set out in the following excerpt from the trial transcript:

> Mr. Lind: Then what happened?
>
> Defendant: I finished eating. She took a break—
>
> Mr. Panosh: Object to what she said.
>
> The Court: Son, I want you to be able to tell your story, but don't go into anything she may have told you at this time.
>
> Defendant: Okay.
>
> Mr. Lind: Go ahead. What happened next?

Defendant's argument on appeal is, in essence, that by use of the word "story," the trial judge implied that "defendant's testimony is a lie or falsehood." We think it clear from an examination of

the entire sentence in context that Judge Preston used the word "story" in its more common sense of an account or narration of a series of events. We do not believe this statement could have had a prejudicial impact on the jury. *Cf. State v. Staley*, 292 N.C. 160, 232 S.E. 2d 680 (1977).

[2]  Defendant next contends the court erred in excluding his testimony as to his "mental state" at the time he gave an inculpatory statement to two store security officers in response to questioning about the crime with which he was charged. At trial defendant sought to impeach this statement by demonstrating that it was made in response to "duress and coercion." In support of this contention, defendant sought to testify that, at the time he made the statement, he was "nervous," "fearful of bodily harm," and "angry." Defendant argues that this was crucial to his explanation of his reasons for making the incriminating statement ultimately introduced in the State's case in chief.

Assuming *arguendo* that the court erred in excluding defendant's proferred testimony, we think any such error was harmless. The record contains testimony by the defendant, admitted without objection, that he was "very nervous and . . . had broke out in a sweat" and that he did not believe he would be allowed to leave the room at the time he gave the statement. Defendant also testified that he was "in a state of shock," that he was "angry," and that he was "afraid" during most of the time during which he was questioned. We agree with the State that the evidence excluded was substantially admitted elsewhere in defendant's testimony, and that defendant thus suffered no harm from any error made by the trial court.

[3]  Defendant's final assignment of error challenges the court's ruling allowing the prosecutor to cross-examine defendant about his silence following arrest. This assignment of error is based on an exception to the following ruling by the trial judge:

Q. And when you got into the police car, then did you tell the police officers that you didn't do it; the only reason you admitted to it inside was because you were afraid?

A. No, sir.

Q. You didn't?

A. I didn't — I had very little conversation with the police officers.

Q. Well, wouldn't that have been a good time to clear yourself if you felt that you were innocent?

MR. LIND: Objection.

THE COURT: Overruled.

THE WITNESS: No, sir.

MR. LIND: Move to strike.

THE COURT: Not allowed.

THE WITNESS: It would have done no good. They had what they wanted.

Defendant contends that the State's question about his silence, which, the record shows, occurred after defendant was advised by one of the officers of his constitutional rights, amounted to a deprivation of due process, citing *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed. 2d 91 (1976). We agree that the court erred in overruling defendant's objection to the State's question and denying defendant's motion to strike his answer to the challenged question. We now consider whether the court's error requires that defendant's conviction be reversed.

In *State v. Taylor*, 280 N.C. 273, 185 S.E. 2d 677 (1972), our Supreme Court discussed the harmless error standard as it applies to errors affecting a constitutional right:

> Every violation of a constitutional right is not prejudicial. Some constitutional errors are deemed harmless in the setting of a particular case, not requiring the automatic reversal of a conviction, where the appellate court can declare a belief that it was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 17 L.Ed. 2d 705, 87 S.Ct. 824, 24 A.L.R. 3d 1065 (1967); *Harrington v. California*, 395 U.S. 250, 23 L.Ed. 2d 284, 89 S.Ct. 1726 (1969). Unless there is a reasonable possibility that the evidence complained of might have contributed to the conviction, its admission is harmless. *Fahy v. Connecticut*, 375 U.S. 85, 11 L.Ed. 2d 171, 84 S.Ct. 229 (1963).

*Id.* at 280, 185 S.E. 2d at 682. We believe the evidence of defendant's guilt in the instant case was so overwhelming as to render the court's error in allowing the challenged question harmless beyond a reasonable doubt. In addition to defendant's signed statement admitting his culpability, the State introduced evidence by a store security officer who testified that he saw defendant, a store employee, remove bills from a cash register and place them in his left front pants pocket. An audit of the register, taken after defendant left the register, revealed a cash shortage of $90.99. Defendant was stopped for questioning prior to leaving the store and was found to possess $77.00 in cash. In light of the considerable evidence introduced by the State, we believe there is no reasonable possibility that the evidence as to defendant's post-arrest silence might have contributed to his conviction. We hold defendant had a fair trial free from prejudicial error.

No error.

Judges JOHNSON and COZORT concur.